UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KOHL A. SHALLENBERGER,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. MCCANN, et al.,<br><br>Defendants. | Case No. 1:25-CV-124-CCB-ALT |

# OPINION AND ORDER

Before the Court are Plaintiff Kohl A. Shallenberger's Motion for Preliminary Injunction and Amended Motion for Preliminary Injunction. (ECF 46; ECF 79). No defendants have responded to Mr. Shallenberger's motions. The Court denies both motions for the following reasons.

## I. RELEVANT BACKGROUND

Mr. Shallenberger filed the operative complaint in this matter on January 15, 2026. (ECF 45). In that complaint, he raises three claims pursuant to 42 U.S.C. § 1983: (1) a procedural due process claim under the Fourteenth Amendment, (2) a joint participation/conspiracy claim, and (3) a claim of denial of access to the courts under the First Amendment. (*Id.*) Shortly after filing this complaint, he moved the Court to preliminarily enjoin Defendants "from continuing or initiating enforcement actions based on inaccurate child []support arrears or lien data" and require Defendants to effect "reconciliation of Plaintiffs Title IV []D enforcement records to conform to the controlling state []court order dated January 23, 2022." (ECF 46 at 3).

Mr. Shallenberger then filed a blizzard of documents on the record in support of his operative complaint and motion for preliminary injunction, including several exhibits to his motion for preliminary injunction. (ECF 47–49, ECF 51–58). The Magistrate Judge struck most of these documents as improperly filed, and gave Mr. Shallenberger leave to file an amended motion for preliminary injunction that complied with this District's local rules and this Court's Courtroom Procedures. (ECF 66).

On March 9, 2026, Mr. Shallenberger filed an Amended Motion for Preliminary Injunction, attaching a memorandum of law and five exhibits. (ECF 79; ECF 79-1; ECF 79-2). In this motion, Mr. Shallenberger asks the Court to require Defendant Adam Krupp to review and correct Mr. Shallenberger's statewide child support arrears and liens. (ECF 79-1 at 15). He also asks the Court to require Defendant Debra C. Stewart to produce a transcript that Mr. Shallenberger alleges he paid for, or in the alternative explain why a transcript cannot be produced. (*Id.* at 16).

## II. Analysis

A "preliminary injunction is an extraordinary and drastic remedy." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (internal quotation marks omitted). Its purpose is not to provide a final resolution on the merits but to "preserve the relative positions of the parties until a trial on the merits can be held." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). It functions not "to short-circuit the legal process that leads to trial but to provide an equitable remedy when no legal remedies are available." *Latitude Company, Inc. v. Reese*, 3:21-cv-728, 2022 WL 17076655, at *4 (N.D. Ind. Nov. 18, 2022).

This relief is never granted as a matter of right. *Winters*, 555 U.S. at 24. Instead, the issuance of a preliminary injunction rests within the sound discretion of the trial court. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 664 (2004); *see also Buffington v. Harvey*, 95 U.S. 99 (1877). And the burden of showing that a preliminary injunction is warranted rests squarely on the shoulders of the movant. *Mazurek*, 520 U.S. at 972 (explaining that a preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion"); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (characterizing preliminary injunctive relief as "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Preliminary injunctions "requiring an affirmative act by the defendant[s]," like those at issue here, are viewed with particular caution and issued only sparingly. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citation omitted).

To carry his burden, Mr. Shallenberger must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. When it comes to likelihood of success on the merits, "a mere possibility of success is not enough"; the movant must make a "strong showing" that he is likely to succeed. *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020). Likelihood of success on the merits interacts with the balance of harms on a sliding scale. "[T]he more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays*, 974 F.3d at 818. But if Mr.

Shallenberger fails to show "some likelihood" that he will prevail on the merits of his claims, a preliminary injunction will not issue regardless of the other factors. *Id.*

The Court begins by summarizing the facts that support Mr. Shallenberger's claims as he characterizes them in his motion.[1] Mr. Shallenberger alleges that the Circuit Court of Howard County, Indiana, issued an order on October 17, 2022, extinguishing Mr. Shallenberger's arrears and directing the release of $3,696 to Mr. Shallenberger. (ECF 79-1 at 6). In support, he cites a previously filed document containing a grainy photograph of what appears to be a Howard County Circuit Court order to this effect. (ECF 34 at 6). He goes on to allege that a "payment instrument" for $3,696 was processed on September 3, 2024. (ECF 79-1 at 6). Again, he cites in support a grainy photograph of what appears to be a redacted copy of a check made out to "Shallenberger" for $3,696, though the image quality makes it difficult to read the document. (ECF 34 at 16).

Mr. Shallenberger then alleges that the Allen Superior Court (Indiana) took judicial notice of the Howard County Circuit Court order. (ECF 79-1 at 6). He attaches another grainy photograph of an Allen Superior Court order, some of which is illegible but which appears to generally acknowledge the existence of the Howard County Circuit Court order. (ECF 79-2 at 7). Confusingly, he goes on to allege that he "paid for preparation of a July 10, 2015 transcript." (ECF 79-1 at 7). The docket citation Mr. Shallenberger offers as supporting evidence, page 34 of ECF 36, does not exist, and the

---

[1] Mr. Shallenberger's second claim of conspiracy/joint action does not appear to feature in his argument in support of this motion.

Allen Superior Court proceeding occurred on October 8, 2025, (ECF 79-2 at 7), so it is not clear how this transcript fits into Mr. Shallenberger's factual narrative.

Mr. Shallenberger concludes by alleging that "clerks and Title IV-D officials are responsible for entering and maintaining order data within the statewide system." (ECF 79-1 at 7). In support, he cites what appears to be a photocopied page of the Indiana Department of Child Services Manual explaining the role of clerks of court in the context of child support payment. (ECF 79-2 at 16).

**a. Likelihood of Success on the Merits**

The Court now turns to the merits of Mr. Shallenberger's legal claims. As an initial matter, the Court denies as moot Mr. Shallenberger's original Motion for Preliminary Injunction, (ECF 46), and considers only his amended motion, (ECF 79). *Cf. Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) (explaining that an amended pleading supersedes a previous pleading and "wipes [it] away").

Though Mr. Shallenberger's argument in his amended motion is challenging to parse, the gist of it appears to be this: Defendants are Indiana state and municipal actors who failed to produce a transcript Mr. Shallenberger ordered and failed to update records of his child support arrears in conformity with the Howard County Circuit Court's order. These Defendants were acting in their administrative/ministerial capacity when they did these things. Their actions deprived Mr. Shallenberger of his Fourteenth Amendment right to procedural due process, and potentially his First Amendment right to access the courts. (ECF 79-1 at 8).

But Mr. Shallenberger never actually argues that any alleged conduct of Defendants violated his First or Fourteenth Amendment rights. Outside a few stray caselaw citations presented without elaboration, his argument is restricted to the propositions that Defendants have ministerial authority over child support records, (*id.* at 9), their functions are administrative as opposed to adjudicative, (*id.*), and the relief Mr. Shallenberger seeks against Defendants is prospective, (*id.* at 10).

None of this establishes even a remote likelihood of success on the merits of his claims. Mr. Shallenberger occasionally comes near to making an argument about due process, but never explains how any procedural frustrations he has experienced reach the level of a Fourteenth Amendment deprivation. Nor does he even mention, let alone attempt to overcome, the serious jurisdictional concerns raised by Defendants when they moved to dismiss this case a week before Mr. Shallenberger filed his amended motion for preliminary injunction. (ECF 76). In fact, his allegations and the evidence he marshals in support are only loosely connected to the relief he seeks here. This is nowhere near the strong showing necessary to persuade this Court a preliminary injunction should issue.

Because Mr. Shallenberger has failed to show any likelihood of success on the merits, the Court need not reach the other *Winters* factors. *See Mays*, 974 F.3d at 818. His request for a preliminary injunction is denied.

## III. CONCLUSION

For these reasons, the Court **DENIES AS MOOT** Mr. Shallenberger's initial Motion for Preliminary Injunction, (ECF 46), and **DENIES** his Amended Motion for Preliminary Injunction, (ECF 79).

SO ORDERED on September 2, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT