UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KOHL A. SHALLENBERGER,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. MCCANN, et al.,<br><br>Defendants. | Case No. 1:25-CV-124-CCB-ALT |

## OPINION AND ORDER

Ripe before the Court is Defendants Mark A. McCann and Adam Krupp's Motion to Stay Proceedings or Dismiss. (ECF 90). The Court now rules.

### I. Relevant Background

The Court previously dismissed all claims against former defendants Best Deal Auto Sales, Inc.; Burt, Blee, Dixon, Sutton & Bloom, LLP; Jeremy Grogg; Matthew Senko; J. Connor Fitzharris; Debra Stewart; and Megan Rogers. (ECF 124). With that, only Mr. Shallenberger's joint conspiracy and Fourteenth Amendment claims against Mr. McCann and Mr. Krupp remain in the case. (*Id.*). The Court need not repeat here all the facts as fully summarized therein. But for purposes of the instant motion, the following facts and procedural history are relevant.

In his Second Amended Complaint, filed on January 15, 2026, Mr. Shallenberger raises two claims against Mr. McCann (sued in his official and individual capacity) and Mr. Krupp (sued in his official capacity). First, Mr. Shallenberger alleges that Mr. McCann and Mr. Krupp "deprived Plaintiff of protected property interests" in $3,696.00

that had been ordered released by the Howard Circuit Court in an order dated October 17, 2022.[1] (ECF 45 at 8). Mr. Shallenberger further asserts that Mr. McCann and Mr. Krupp deprived him of his "right to be free" from liens and "enforcement actions" by "failing to implement and maintain enforcement records consistent with" the October 2022 order. (*Id.*). Mr. Shallenberger packages these claims as a deprivation of procedural due process under the Fourteenth Amendment. (*Id.*).

Second, Mr. Shallenberger alleges that Mr. McCann and Mr. Krupp "jointly participated" in a conspiracy with other state officials and private entities in a conspiracy by communicating the existence of a lien to private actors, who then relied on such information, resulting in a deprivation of his Constitutional rights. (*Id.*). Mr. Shallenberger provides no other factual allegations to further enlighten the Court as to the nature of this conspiracy.

In conjunction with these claims, Mr. Shallenberger seeks relief in the form of "injunctive relief directing the appropriate official-capacity defendants to correct and reconcile Plaintiffs statewide Title IV-D arrears and lien indicators to conform to the January 23, 2022 order, and to provide written confirmation of corrected status within a time set by the Court." (*Id.* at 9). Additionally, Mr. Shallenberger requests "[c]ompensatory and punitive damages against defendants sued in their individual capacities . . . as permitted by law." (*Id.*).

---

[1] As noted in ECF 124, Mr. Shallenberger repeatedly attributes the order date to January 23, 2022. (ECF 45). In actuality, the order was signed and stamped by the Howard Circuit Court judge on October 17, 2022, and formally docketed on November 18, 2022. (ECF 98-1 at 10).

Two months later, Mr. Shallenberger filed a motion in Howard Circuit Court on March 10, 2026, "to Enforce October 17, 2022 Order, for Judicial Accounting and Statutory Interest," involving the same $3,696.00 disputed here.[2] (ECF 108; *see Shallenberger v. State of Indiana, ex rel.*, Cause No. 34C01-0403-JP-000042). While the Court does not know the substance of what may have been later argued in open court, Mr. Shallenberger's motion for "Judicial Accounting and Statutory Interest" filed in state court sought relief similar to what is requested here. Among other things, Mr. Shallenberger there sought to "[e]nforce the October 17, 2022 adjudication, . . . order the Howard County Title IV-D Child Support Office to file, within fourteen (14) days, a sworn accounting executed by an official with personal knowledge of the Title IV-D ledger; [r]equire attachment of the complete payment history and ledger activity . . . [and] [a]ward statutory interest as provided by Ind. Code § 24-4.6-1-101." *Shallenberger*, Cause No. 34C01-0403-JP-000042, March 10, 2026.

On June 9, 2026, Mr. McCann and Mr. Krupp filed a "Motion to Stay Proceedings or Dismiss." In the motion, they informed the Court of the existence of Mr. Shallenberger's state court motion and an impending hearing on the matter. (ECF 90 at 1–2). The movants argue that Mr. Shallenberger's state court motion sought "to enforce the same order which he asks the Court to enforce in this case." (*Id.*). They also argue that this concurrent case in Howard Circuit Court, which has been active for over 20

---

[2] Pursuant to Fed. R. Evid. 201(b)(2) and 201(c)(1), the Court may take judicial notice of orders entered in state court as "[t]hey are public records and appropriate subjects of judicial notice." *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (citing Fed. R. Evid. 201(b)(2); Fed. R. Evid. 901(b)(7)).

years, "raises the same factual and legal allegations as his [Second] Amended Complaint." (*Id.* at 2). Specifically, they contend the state court proceedings "raise issues related to child support, which are matters of state law, and funds that are being held by the State of Indiana." (*Id.*).

While this motion remained pending, the Howard Circuit Court heard oral argument on the matter and subsequently issued an order on August 18, 2026, concluding that Mr. Shallenberger was "entitled to or owed $0.00 from the State of Indiana in this matter as of July 24, 2026." (ECF 108 at 2). Furthermore, the order confirmed that Mr. Shallenberger's "child support arrearage in this matter [was] paid in full or $0.00 as of July 24, 2026." (*Id.* at 2–3). Since that order, Mr. Shallenberger filed an additional motion on September 24, 2026, which the Howard Circuit Court denied a day later. *See Shallenberger*, Cause No. 34C01-0403-JP-000042. A review of the state court docket does not conclusively show that the case has since been closed. *Id.*

## II. Analysis

Mr. McCann and Mr. Krupp contend that the action in state court is parallel, and a stay or dismissal is warranted under the *Colorado River* abstention doctrine. (ECF 90 at 2). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). With that duty, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. Yet exceptions "nevertheless exist" when necessary to ensure to avoid "duplicative litigation." *Id.* at 817.

Under the doctrine, a federal court may stay or dismiss a suit in favor of parallel state proceedings. *Colorado River*, 424 U.S. at 818. Two questions determine its appropriateness. The first is whether the state and federal court proceedings are "parallel." *GeLab Cosms. LLC v. Zhuhai Aobo Cosms. Co.*, 99 F.4th 424, 428 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1045 (2025). The second is whether "exceptional circumstances" exist to suggest that "abstention would promote 'wise judicial administration.'" *Id.* (quoting *Colorado River*, 424 U.S. at 818).

Generally, cases are parallel if there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). While the cases need not be identical, they must involve "substantially the same parties . . . contemporaneously litigating substantially the same issues in another forum, thus making it likely that judgment in one suit will have a res judicata effect in the other suit." *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1230 n.1 (7th Cir. 1979).

Courts consider several non-exclusive factors to determine whether concurrent state proceedings are parallel to federal litigation. *Id.* These include "(1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of

concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *Id.*

Mr. Shallenberger commenced this case in March 2025, with the Second Amended Complaint having been filed on January 15, 2026. (ECF 1; 45). Though it is unclear how long Mr. Shallenberger's child support obligations were litigated in state court, the corresponding paternity case has been pending since 2004, and Mr. Shallenberger's motion for judicial accounting and statutory interest was filed within that matter in March 2026. *See Shallenberger*, Cause No. 34C01-0403-JP-000042. Neither party has represented to the Court that the matter in state court has been terminated. Without evidence that the state case has been terminated, the only possible conclusion is that the Howard Circuit Court case is contemporaneous with the instant matter.

As to whether the parties are "substantially the same," the Court finds that they are. Mr. Shallenberger is a party to both matters. True enough, Mr. McCann and Mr. Krupp are not explicitly named as defendants in the state matter, rather it is the State of Indiana itself. But both Mr. McCann[3] and Mr. Krupp are sued in their official capacities here.[4] Thus, it is their respective departments, each being apparatuses of the State of

---

[3] Mr. McCann is also sued in his individual capacity. (ECF 45).

[4] The Eleventh Amendment generally bars suits against an unconsenting State filed by "her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). However, this immunity is not absolute. As the Supreme Court has held, "[a]n allegation of an ongoing violation of federal law where the requested relief is prospective" is usually sufficient to bypass state sovereign immunity. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Here, the Magistrate Judge noted in his Report and Recommendation (which this Court adopted on May 26, 2026 (ECF 86)) that Mr. McCann, to the extent that he is sued in his official capacity, may nonetheless be subject to suit despite the Eleventh Amendment, because Mr. Shallenberger seeks only "prospective relief against an [alleged] ongoing violation of federal law." (ECF 82) (quoting *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 521 (7th Cir. 2021)).

Indiana, that are being sued. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Next, a review of the *Calvert* factors makes clear that the concurrent proceeding is parallel to the instant case. Though Mr. Shallenberger's Second Amended Complaint was filed before his motion for judicial accounting and statutory interest in Howard Circuit Court, the underlying subject matter of the dispute is money in the form of Mr. Shallenberger's child support arrears, lack thereof, or child support overpayments held in escrow. The Howard Circuit Court obtained jurisdiction over that monetary property years before any complaint was filed in federal court. Thus, factors (1) and (4) weigh in favor of abstention.

As to inconvenience of the federal forum, Mr. Shallenberger's address of record is in Steuben County, within the boundaries of the Northern District of Indiana. Mr. McCann, as Howard County Prosecutor and Title IV-D director, works just outside the District, but still within an hour and half of the courthouse in South Bend, Indiana. Similarly, Mr. Krupp, as Director of Indiana's Department of Child Services, is based in Indianapolis, a two-and-a-half-hour drive from the courthouse. Thus, factor (2) is neutral toward abstention.

The desire to avoid piecemeal litigation, as outlined by factor (3), perhaps weighs the strongest in favor of abstention. As noted above, the Howard Circuit Court has issued an order declaring that Mr. Shallenberger's arrears are $0.00 and that he is not entitled to any monetary damages. Were the instant case to result in a judgment for Mr. Shallenberger as to either of his remaining First and Fourteenth Amendment claims,

any order for relief, particularly as to compensatory and/or punitive damages as to Mr. McCann (who is sued in both his individual and official capacity) would directly conflict with that decision and subsequent rulings in that case.

Factor (5) cuts against abstention given that Mr. Shallenberger's two remaining claims arise under federal law. But factors (6) and (7) offset that shift in the balance. As the Supreme Court has held, state courts are "as fair and competent forums for the adjudication of federal constitutional rights" as federal courts are. *Stone v. Powell*, 428 U.S. 465, 493 n.35 (1976). Indeed, "[s]tate courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law." *Id.* (citing *Martin v. Hunter's Lessee*, 1 Wheat. 304, 341-344 (1816)). Thus, the Howard Circuit Court is adequately equipped to protect the federal plaintiff's rights. Additionally, the Howard Circuit Court matter is the older case and its recent dispositive orders regarding Mr. Shallenberger's motions suggest it would be prudent to defer to that matter until completion.

Factors (8) and (9) weigh in favor of abstention as concurrent jurisdiction exists in this court based on the federal questions. Hence, even if the case were dismissed on abstention grounds, any re-filing in state court could be removed to this Court under 28 U.S.C. § 1441(c). Finally, Mr. Shallenberger's present claims are not vexatious to the state proceeding. Though the similar claims for relief between the Howard Circuit Court case and this matter are puzzling, no party has asserted that Mr. Shallenberger filed these actions for a nefarious purpose. Thus, factor (10) weighs slightly against abstention.

Taken together, most of the *Calvert* factors favor applying *Colorado River* abstention. And those that do not are either neutral or only slightly weigh against abstention. Accordingly, the Court concludes that these cases are indeed parallel. With the risk of conflicting orders for relief, the depth at which the Howard Circuit Court has engaged with Mr. Shallenberger's claims, and the lack of clarity regarding whether the state court matter remains ongoing, the Court finds exceptional circumstances exist to abstain from exercising jurisdiction on the remaining claims until the underlying state matter is terminated.

As a final matter, the Court must determine whether a stay or dismissal is appropriate. When Colorado River abstention applies, the Seventh Circuit has consistently held that it has a "strong preference for a stay rather than a dismissal of the federal suit." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 503 n.9 (7th Cir. 2011); *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1562 (7th Cir. 1989); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308 (7th Cir. 1988); *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 698 (7th Cir. 1985). Several rationales undergird this preference, including (1) the "risk that the federal plaintiff will be time-barred from reinstating his federal suit if the state proceeding does not result in a final decision on the merits," (2) the benefit of retained jurisdiction, and (3) the continuity by "bringing the case back before the same federal judge." *Lumen*, 780 F.2d at 698.

Here, two concerns tip the scales against a dismissal. First, the Court previously dismissed claims against several defendants with prejudice. (ECF 124). The Court did so because Mr. Shallenberger was previously warned that he would receive "one last

chance" to file a proper complaint. (ECF 38). As far as this Court could find, no court in the Seventh Circuit has dismissed a case with prejudice after determining *Colorado River* abstention applied. In the rare instances where a court determined that a dismissal was appropriate despite the Seventh Circuit's "strong preference" for a stay, the cases were dismissed without prejudice. *Antosh v. Vill. of Mount Pleasant*, 99 F.4th 989, 995–96 (7th Cir. 2024); *Silver v. Int'l Imaging Elecs., Inc.*, No. 96 C 1058, 1997 WL 97392, at *7 (N.D. Ill. Feb. 27, 1997); *Ayers v. Ayers*, No. 11-CV-2208, 2013 WL 1290526, at *10 (C.D. Ill. Mar. 28, 2013); *Goodwin v. Decatur Earthmover Credit Union*, No. 24-CV-3081, 2024 WL 5248096, at *3 (C.D. Ill. Dec. 30, 2024). Knowing this, it would be incongruent for the Court, having already dismissed several defendants with prejudice, to then dismiss the claims against Mr. McCann and Mr. Krupp without prejudice, thereby affording Mr. Shallenberger another opportunity beyond his "one last chance" to re-file his claims. (ECF 38).

Second, even if the Court were to dismiss the case without prejudice, the Seventh Circuit's concern regarding potential time-bars would be frustrated. As the Second Amended Complaint asserts, the alleged communication regarding Mr. Shallenberger's lien between the Title IV-D office—which Mr. McCann and Mr. Krupp oversee—and the since-dismissed private defendants took place on November 22, 2024. (ECF 45 at 6). Additionally, the Court takes judicial notice of an Allen Superior Court judgment concluding that a lien existed on a vehicle previously owned by Mr. Shallenberger on or before September 3, 2024. (ECF 124 at 5; *see also Best Deal Auto Sales, Inc. v. Kohl Shallenberger*, Cause No. 02D09-2410-SC-009357, January 6, 2026; ECF 77–6; ECF 80 at 1). Thus, were the Court to dismiss the case, it could be that Mr. Shallenberger's Section

1983 claims, arising in September and November 2024 would be barred by Indiana's two-year statute of limitations. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011).

In light of these concerns, a stay is "the appropriate procedural mechanism" as opposed to an outright dismissal without prejudice. *Lumen*, 780 F.2d at 698.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Proceedings or Dismiss is **GRANTED**. (ECF 90). The Court orders this case **STAYED** pending the resolution of Mr. Shallenberger's state court case in Cause No. 34C01-0403-JP-000042.

The parties are hereby **ORDERED** to file a status report within 14 days after the conclusion of the enumerated matter above.

SO ORDERED on October 28, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT